WESTERN UNION TELEGRAPH CO. v.
DEAVER. (No. 2010.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 7, 1918. Rehearing Denied
Dec. 5, 1918.)

TELEGRAPHS AND TELEPHONES ☞68(1)—DE-
LAY IN TRANSMISSION OF MONEY—MENTAL
SUFFERING—CAUSE.

Plaintiff could not recover from telegraph
company for mental anguish suffered by his
wife, where, on learning that his wife, away
from home, among strangers, desired to bring
on her mother's body, he wired her funds, which
she received in time to take train she had in-
tended, though there was delay causing her
apprehension; such anguish resulting from ap-
prehension of a situation which did not occur.

Appeal from Red River County Court; R.
J. Williams, Judge.

Action by C. E. Deaver against the West-
ern Union Telegraph Company. Judgment
for plaintiff, and defendant appeals. Re-
versed, and cause remanded.

Chas. S. Todd, of Texarkana, for appellant.
Mahaffey, Keeney & Dalby, of Texarkana,
for appellee.

HODGES, J. The appellee sued the appel-
lant in the county court of Red River county
for $1,000 as damages for mental anguish
suffered by his wife on account of a delay in
the transmission and payment of a telegraph
money order for $150 sent by him from
Clarksville, Tex., to his wife at Eddy, Tex.
Appellant answered by a general demurrer,
a general denial, and a special plea setting
up the terms and conditions of a written con-
tract for the transmission of the money or-
der. To this the appellee replied by a sup-
plemental petition demurring to the answer
and alleging other facts not necessary to be
here considered. The appellant's demurrer
was overruled, and in a trial before a jury
judgment was rendered in favor of the ap-
pellee for the sum of $300. After the rendi-
tion of the judgment appellant requested the
court to file his findings of fact and con-
clusions of law. A motion to that effect was
made and granted. The case, however, is
before us without either a statement of facts
or the conclusions of fact and law requested.

It is insisted by the appellant that its gen-
eral demurrer to the plaintiff's original pe-
tition should have been sustained. The fol-
lowing excerpt from its brief contains the
substance of the material portions of the
petition:

"(1) On the 12th day of July, 1916, plaintiff's
mother-in-law suddenly sickened and died near
Eddy, Tex., several hundred miles from Clarks-
ville, Tex., where plaintiff and his wife resided.
Plaintiff's wife reached her mother's bedside

shortly before her death, and upon her death
the plaintiff's wife desired to immediately re-
turn to Clarksville and bring the remains with
her for burial. She was practically among
strangers, was unacquainted in the town of
Eddy, the nearest railroad station, and had
with her only a small sum of money, insufficient
to defray the expense necessary to return home
with the body of her mother. She therefore,
soon after the death, early on July 13th, called
her husband at Clarksville over the long-dis-
tance telephone and requested him to send her
money, which he assured her he would do by
telegraph to her at Eddy. At about 9 a. m.
that morning, the 13th, the plaintiff went to de-
fendant's telegraph office in Clarksville, and
informed defendant's agent in charge of his de-
sire to immediately transmit to his wife by
telegraph $150 to Eddy, Tex., and of his desire
to have the money paid to his wife immediate-
ly, and informed such agent of the death of
his wife's mother, of his wife's consequent dis-
tress, of the present and pressing need of his
wife for money, of the purposes for which it
was necessary for her to immediately have such
money, and, on being assured by the agent
that he could transmit it in a few minutes,
the plaintiff paid to and deposited with said
agent the sum of $150 in money to be imme-
diately transmitted and paid, without identifi-
cation, to his wife at Eddy, and paid the charg-
es demanded, and also paid for and sent a tele-
gram to his wife at Eddy informing her of his
action, which message he ordered 'repeated,'
and paid the extra charge therefor.

"The petition then charges gross negligence
of defendant in delaying a 'long and unreason-
able time' the transmission of said money and
its payment to his wife, causing her 'to suffer
great mental anguish to her damage,' etc.

"(3) That the telegram he sent to his wife
was promptly transmitted, and she received the
same about 9:30 a. m. of July 13th, and was as-
sured thereby that on reaching Eddy the de-
fendant would pay her the $150. She ascer-
tained that she could leave Eddy with the body
about 4 o'clock p. m. Her mother died in the
country about eight miles from Eddy, and on
said 13th of July, 1916, at about noon, plain-
tiff's wife, with the remains of her mother, left
the point in the country where her mother died
and went to Eddy, reaching there about 2
o'clock p. m., about two hours before the ar-
rival of the train on which she expected to
leave. She was a stranger in Eddy and had
no one on whom she could rely for, or from
whom she could obtain, financial assistance, and
on reaching Eddy she had only a small sum
of money, an amount insufficient to pay some
small bills necessary to be immediately paid and
to pay her own railroad fare and the expense
of transporting her mother's remains to Clarks-
ville. That on reaching Eddy, at about 2
o'clock, she called on defendant's agent at Eddy
for the money, and was 'gruffly and unfeelingly'
informed by him that he had no money for her,
on account of which she was terribly 'shocked,
grieved, perplexed, abashed, and humiliated,'
and was caused to suffer intense anxiety and
mental distress; that she repeatedly and for
nearly two hours, and until nearly time for the
train to arrive, continued to suffer such anxiety
and mental distress up until about 4 o'clock

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

p. m., and until just a few minutes before the arrival of the train defendant's agent insisted there was no money for her and refused to pay her any money. Finally, with the small sum of money she had remaining she purchased transportation for herself and her mother's remains to Bells, Tex., where she expected to meet the plaintiff, and after doing so had in her possession only a few cents. Just a few minutes, however, before the arrival of said train the defendant's agent said to her, 'Here is a message from your husband now,' and handed her a paper and told her to go to the bank, which she did, and the bank paid her $150 and she hurried back and took the train."

According to the above averments, the contract of the telegraph company was not to transmit and deliver a message to Mrs. Deaver, but to pay over to her $150. While the company does not in such cases send the money deposited, it receives at one agency and pays out at another. The transaction, however, is so analogous to an undertaking to transmit and deliver money that the liability of the telegraph company will be governed by practically the same rules of law. The message contemplated in this instance was merely one of instruction to the disbursing agent at Eddy. The sending of the message was important only as a means of securing a delivery of the money when demanded by Mrs. Deaver. The appellant bound itself to pay over to Mrs. Deaver an amount of money equal to that deposited at Clarksville by her husband, and in time to enable her to use it in defraying her expenses home on the following day. While the petition alleges a delay in performing that obligation, it admits that this was done. If the appellee is entitled to any damages, it is because the money was not sooner delivered. The only injury claimed as the result of the delay is mental anguish suffered by Mrs. Deaver at the prospect of being left in an embarrassing situation. The object of the appellant was to supply her with funds, and not to quiet her mental anxiety. It thus appears that the anguish she suffered was really unnecessary and resulted from nervous and disquieting apprehensions of a situation that did not occur.

The appellee refers to a number of cases where our courts have permitted a recovery for mental anguish resulting from the failure of telegraph companies to promptly transmit and deliver money order message. We have examined all of those cases, and find that in every instance the purpose for which the money was sent was defeated in whole or in part by the delay or nondelivery of the message. It appears from the averments of this petition that Mrs. Deaver arrived at Eddy at about 2 o'clock p. m., and expected to leave at 4 p. m.; so that not more than two hours elapsed between the time she first called for the money and its delivery. It is for the mental annoyance she suffered during that two hours that she recovered a judgment. We are of the opinion that the facts alleged are not sufficient, and that the general demurrer of the appellant should have been sustained. As stated, it also appears that the court failed, without any sufficient reason appearing in the record, to file his findings of fact and conclusions of law as requested by the appellant. We think for that reason, if for no other, the judgment should be reversed, and the cause remanded; and it is accordingly so ordered.